UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| 80 WEST END AVENUE LEASEHOLD CONDOMINIUM, | Docket No.: 1:21-cv-05917-AJN |
| Plaintiff, | |
| -against- | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CITIZENS INSURANCE COMPANY OF AMERICA | |
| Defendant. | |

---

Plaintiff, 80 WEST END AVENUE LEASEHOLD CONDOMINIUM, by its attorneys, LERNER, ARNOLD & WINSTON, LLP, as and for its Complaint, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff 80 WEST END AVENUE LEASEHOLD CONDOMINIUM (hereinafter "Plaintiff") brings this action against Defendant CITIZENS INSURANCE COMPANY OF AMERICA for breach of contract.

2. This action arises from the failure of Defendant CITIZENS INSURANCE COMPANY OF AMERICA (hereinafter "Defendant") to fully indemnify Plaintiff pursuant to a policy of insurance issued by Defendant to Plaintiff.

3. The policy of insurance herein at issue insures against all risks, unless explicitly excluded.

4. As the direct result of covered losses sustained by Plaintiff, it suffered damages in the amount believed to exceed $1,928,430.78.

5. Notwithstanding that these losses were covered pursuant to the terms and conditions of the policy of insurance, Defendant has failed to fully indemnify the Plaintiff for its losses.

6. As a result of Defendant's failure to comply with its own policy's terms and conditions, Plaintiff has commenced this action against Defendant for breach of contract.

## THE PARTIES

7. At all times hereinafter mentioned, Plaintiff 80 WEST END AVENUE LEASEHOLD CONDOMINIUM was and still is a domestic condominium association, organized and existing under and by virtue of the laws of the State of New York, and a resident and citizen of the State of New York

8. At all times hereinafter mentioned, Defendant CITIZENS INSURANCE COMPANY OF AMERICA was and still is a foreign business corporation, organized and existing under and by virtue of the laws of the State of Michigan, with its principal place of business located in the State of Massachusetts.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000.00, exclusive of costs, and is between citizens of different States.

10. Upon information and belief, Defendant regularly has solicited business in the State of New York and in this District, and has done business in the State of New York and in this District. In particular, without limitation and upon information and belief, at all times hereinafter mentioned, Defendant was authorized by the New York State Department of

Financial Services to issue policies of insurance within the State of New York, including the policy of insurance issued to the Plaintiff herein.

11.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District and because the property that is the subject of this action is situated.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

12.     Heretofore and prior to June 19, 2019, Defendant issued to Plaintiff a policy of insurance bearing number ZBY-A962135-03 (hereinafter referred to as "the Policy"), which insured Plaintiff's interest in the premises located at 80 West End Avenue, New York, New York (hereinafter "the insured premises") against all risks of loss, with the exception of those excluded or otherwise limited.  Further, the Policy provided Additional Coverage for Collapse, provided such loss was caused by or resulted from one or more delineated causes of loss, including, amongst other things, (1) Hidden Decay and (4) Weight of People and/or Personal Property.

13.     The Plaintiff is a named insured within the Policy.

14.     The insured premises is a covered property within the Policy.

15.     The Policy was in full force and effect on June 19, 2019.

16.     At all relevant times, Plaintiff maintained an insurable interest in the insured premises.

17.     On June 19, 2019, while the Policy was in full force and effect, conduit containing electrical and telephone wiring located in the garage of the insured premises collapsed, causing extensive damages thereto.

18.     The collapse of the conduit was caused by Hidden Decay and/or the Weight of Personal Property, triggering coverage under the Policy.

19. Subsequent to the June 19, 2019 loss, Plaintiff submitted a claim to Defendant seeking to be indemnified for the damages sustained to the insured premises by virtue of the covered loss.

20. Plaintiff has complied with all conditions precedent to payment under the Policy.

21. While Defendant has indemnified Plaintiff for some ensuing water damages sustained to the insured premises as a result of the June 19, 2019 loss, it has declined to pay Plaintiff for the full extent of covered damages it sustained.

22. Defendant has wrongfully failed to indemnify Plaintiff for the full extent of covered damages sustained to the insured premises as a result of the June 19, 2019 loss, despite the fact the same has been duly demanded.

23. Defendant's wrongful denial of Plaintiff's claim for damages sustained to the insured premises as a result of the June 19, 2019 loss constitutes a breach of contract.

24. As a result of the Defendant's breach of contract, Plaintiff has been damaged in the sum of at least $1,928,430.78, with the precise amount to be determined at the trial of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendant on its First Cause of Action for Breach of Contract in the sum of at least $1,928,430.78, with the precise amount to be determined at the trial of this action, altogether with the costs and disbursements of this action, including reasonable attorney's fees.

**JURY DEMAND**

      Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
          October 7, 2021

                                      Yours, etc.

                                      LERNER, ARNOLD & WINSTON, LLP
                                     Attorneys for the Plaintiff

                                     By    /s/ *Johnathan C. Lerner*
                                           Johnathan C. Lerner
                                           Amanda Peterson
                                     475 Park Avenue South, 28th Floor
                                     New York, New York 10016
                                     (212) 686-4655

TO:
Jeremiah O'Leary, Esq.
Jonathan M. Zagha, Esq.
**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**
5 Penn Plaza, 23rd Floor
New York, New York 10001
(646) 378-2033
-and-
 67 East Park Place – Suite 901
Morristown, New Jersey 07960
(973) 343-4960
Jonathan.zagha@finazzolaw.com
Jeremiah.oleary@finazzolaw.com
*Attorneys for Defendants,
Citizens Insurance Company of America*

## **CERTIFICATE OF SERVICE**

      I certify that on the 7th day of October, 2021, I have served a copy of the foregoing on all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system.

      Yours, etc.

      LERNER, ARNOLD & WINSTON, LLP
      Attorneys for the Plaintiff

      By    /s/ *Amanda Peterson*
           Amanda Peterson (AP1797)
      475 Park Avenue South, 28th Floor
      New York, New York 10016
      (212) 686-4655
      apeterson@lawpartnersllp.com